1
2
3          UNITED STATES DISTRICT COURT
4              DISTRICT OF NEVADA
5                    * * *
6
KAREN D. THACKER,                          Case No. 2:15-cv-00466-RCJ-PAL
7
                            Plaintiff,              ORDER
8
        v.                                    (IFP App – Dkt. #1)
9
CAROLYN W. COLVIN, Acting Commissioner
10  of Social Security,
11                          Defendant.
12

13          Plaintiff Karen D. Thacker has requested authority pursuant to 28 U.S.C. § 1915 to

14  proceed in forma pauperis and submitted a Complaint (Dkt. #1).  This proceeding was referred to

15  this court by 28 U.S.C. § 636(b)(1)(B) and Local Rules IB 1-4 and 1-9.

16  **I.     *In Forma Pauperis* Application**

17          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay

18  fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis

19  will be granted pursuant to 28 U.S.C. § 1915(a).   The court will now review Plaintiff's

20  Complaint.

21  **II.    Screening the Complaint**

22          Upon granting a request to proceed in forma pauperis, a court must additionally screen a

23  complaint pursuant to § 1915(e).  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en

24  banc) ("section 1915(e) applies to all in forma pauperis complaints").  The simplified pleading

25  standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions,

26  with limited exceptions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  For purposes

27  of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide

28  "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Cf.* Fed.

R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.§ 1915(e)(2).  Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether a plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hebbe v. Pliler*, 627 F .3d 338, 342 & n. 7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).  When a court dismisses a complaint under Section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff benefits under Title XVI of the Social Security Act.  To state a valid benefits claim, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.  To do so, the complaint should state: when and how she exhausted her administrative remedies with the SSA and the nature of Plaintiff's disability, including when Plaintiff claims she became disabled.  The complaint should also contain a short and concise statement identifying the nature of Plaintiff's disagreement with the SSA's determination and show that Plaintiff is entitled to relief.  Although this showing need

not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

### A.    *Exhaustion of Administrative Remedies*

Before Plaintiff can sue the SSA in federal court, Plaintiff must exhaust administrative remedies. 42 U.S.C. § 405(g). *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R. §§ 404, 416. Plaintiff alleges that on February 3, 2015, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Thus, it appears Plaintiff has her exhausted administrative remedies.

Once Plaintiff has exhausted the administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *Id.*

### B.    *Grounds for Plaintiff's Appeal and the Nature of Plaintiff's Disability*

Plaintiff's complaint seeks judicial review of the Commissioner's decision denying benefits and requests the court reverse that decision, or alternatively, remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and

(b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint (Dkt. #1), Plaintiff contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion he is not disabled within the meaning of the Social Security Act; or (b) the Commissioner's finding that Plaintiff could perform substantial gainful activity. Plaintiff asserts that the record supports a finding that Plaintiff is disabled and has been continuously disabled at all relevant times. Finally, Plaintiff alleges new evidence exists that warrants a remand of this matter for further proceedings.

The complaint does not state a claim for relief upon which relief can be granted. It does not allege the nature of Plaintiff disability or when it commenced, instead alleging only "Plaintiff Karen D. Thacker is, and at all times relevant to this action, disabled." *See* Complaint (Dkt. #1-1 at ¶ 5). Additionally, Plaintiff alleges merely that the Commissioner's decision to deny Plaintiff benefits was wrong, but Plaintiff has not indicated why the decision is wrong, other than by reciting the general standards that govern the court's review of the SSA's decision. *Id.* at ¶ 9. Rule 8's pleading standard requires more than a "formulaic recitation of the elements of a cause of action" and more than "labels and conclusions." *Iqbal*, 556 U.S. at 678; *Waitson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint merely stating that the SSA's decision was wrong and failing to describe plaintiff's disability is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cf. Swierkiewicz*, 534 U.S. at 512; *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (addressing post-*Iqbal* pleading standards and holding that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Accordingly, Plaintiff's complaint does not state a claim upon which relief can be granted, and it will be dismissed with leave to amend.

Accordingly,

**IT IS ORDERED** that:

1.     Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

- 4 -

2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3.  The Clerk of Court shall file the complaint but shall not issue summons.

4.  The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall have until **May 14, 2015,** to file an amended complaint, if Plaintiff believes the noted deficiencies can be cured

5.  Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 14th day of April, 2015.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

- 5 -